IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. ELH-19-0286 |
| DEREK CROSBY | : | |

**<u>MEMORANDUM AND ORDER</u>**

Derek Crosby is a co-defendant in a multi-defendant drug conspiracy indictment, alleging drug trafficking and firearms violations in Baltimore City. On June 11, 2019, Defendant along with nineteen co-defendants were indicted by a federal grand jury. The defendant was charged with Conspiring to Distribute more than one kilogram of heroin, more than five kilograms of cocaine, more than 280 grams of crack, and a detectable amount of fentanyl in violation of 21 U.S.C. § 846, which carries a sentence ranging from 10 years' to life imprisonment, and one count of Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g), which carries a sentence up to 10 years. On June 25, 2019, a subsequent indictment charged six additional defendants with money laundering.

Defendant had an initial appearance before the Court on June 20, 2019. A detention hearing was conducted on June 21, 2019 and I found by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the public. ECF 82. I made specific findings both on the record and in writing after hearing arguments of counsel, and evaluating the factors set forth in the Bail Reform Act, 18 U.S.C. 3142(g). On October 9, 2019, Defendant appealed the order of detention. ECF 329. Judge Hollander conducted a *de novo* hearing and denied the motion. ECF 333. Defendant has now filed a Motion for Reconsideration relying upon the COVID-19 pandemic as changed circumstances for the Court to review. ECF 411. The government has responded, opposing release. ECF 412. The parties have fully briefed the issues and there is no need for a hearing. Local Rule 105.6. For the reasons set forth below, the motion is DENIED.

The Defendant does not challenge the Order of detention based upon the previous factors set forth in 3142(g) nor the Court's analysis of the danger the Defendant poses to the public. Instead the Defendant alleges that the current outbreak of COVID-19 and positive tests of specific detainees at both CDF, where he is housed, demonstrate that Defendant is himself at a higher risk of infection while detained. Counsel alleges Defendant was diagnosed with pneumonia and asthma in 2018 and uses an albuterol inhaler. ECF 411, p.2. Defendant offers the alternative of home confinement to safeguard his health. Defendant offers several potential third party custodians to assure his release conditions are met and is willing to abide by the Court's most stringent conditions. *Id.,* p.3. Notably the Defendant offers no plan for medical care in the event he is or becomes positive and does not describe the conditions where he proposes to reside, for example, what size is the residence, how many people reside there, do any of the other residents have compromising medical conditions, or how can isolation or social distancing be accomplished.

This Court will treat the motion as a motion for reconsideration due to the changed circumstances of the COVID-19 outbreak. 18 U.S.C. 3142(f). My decision is an individualized assessment as to this Defendant and pursuant to the motion and response, the record in this case and the arguments contained therein.

There is no new evidence presented to this Court that rebuts the presumption for detention of this Defendant nor ensures the safety of the community. I fully incorporate my findings on the record at the detention hearing of June 21, 2019, my written order of that date as well as the record on appeal to Judge Hollander. ECF 69, 333.

The Defendant was engaged in a chronic plague of drug trafficking and faces serious penalties and mandatory sentencing. The evidence was extremely strong, enhanced by court authorized electronic interceptions of multiple phones. According to the government's proffer, Defendant was revealed to be the supplier of drugs, particularly heroin and fentanyl to street level drug shops. During the arrest phase of the investigation, a search warrant authorized for Defendant's residence and his stash house, owned by Defendant resulted in the recovery of a

firearm and a large amount of heroin/fentanyl and an amount of cocaine base. Also recovered were tools of the drug trade, scales and cutting agents as well as suspected carfentanyl, a deadly substance used as a cutting agent resulting in overdoses and deaths throughout the country. An additional firearm, a stolen .40 caliber handgun was recovered from one of Defendant's vehicles. All of the factors previously considered weigh heavily in favor of detention and Defendant failed to rebut the presumption for detention. In this Court's experience there is no greater danger to the community than armed drug traffickers. Baltimore had 348 homicides last year and the surrounding counties suffered increases in homicides, many of which were drug related. During this pandemic outbreak, there have been triple and quadruple shootings in Baltimore as well as individual homicides. The pandemic event has not abated gun crime. Defendant does not challenge the clear and convincing evidence that he poses a threat to public safety.

In evaluating the COVID-19 change of circumstances, I incorporate other decisions of this Court, (*United States v. Martin,* 2020 WL 127857 (D.Md. March 17, 2020)) and its progeny of Orders, and most recently *United States v. Malik Gibson-Bey,* RDB 19-563. I fully adopt the reasonings and rulings of those Opinions and incorporate them into this Memorandum and Order as to Derek Crosby.

In weighing the evidence presented by the government as to the response of CDF to the COVID-19 outbreak, I find that releasing Defendant to home detention with Pretrial Supervision by clear and convincing evidence does not ensure the safety of the public. The new circumstances of COVID -19 are but one factor to consider. I have fully considered the impact of COVID-19. The risk factors Defendant presents do not outweigh the factors I have previously found requiring his continued detention. Defendant only alleges he is at a higher risk of infection due to his previous diagnosis of pneumonia, asthma and a need for an albuterol inhaler.

As to home detention, I have been advised by Probation and Pretrial Services that traditional location monitoring is no longer available due to the risks to pretrial services personnel.

Even if those conditions existed, this Defendant, who was engaged in armed drug trafficking is not a candidate for home detention.

Accordingly, the motion (ECF 411) is DENIED. So Ordered this 2nd day of April, 2020.

_____/s/_____
A. David Copperthite
United States Magistrate Judge